Jeffrey A. Milman, Esq. [State Bar No. 99072]
HODES MILMAN IKUTA, LLP
9210 Irvine Center Drive
Irvine, CA 92618
Telephone: (949) 640-8222
Facsimile: (949) 336-8114
jmilman@hodesmilman.com

Attorneys for Plaintiff JERI FORT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI FORT,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendants. | Case No.:<br><br>**COMPLAINT FOR WRONGFUL DEATH DUE TO MEDICAL NEGLIGENCE** |

Plaintiff JERI FORT and for her first cause of action against Defendant UNITED STATES OF AMERICA alleges as follows:

**FIRST CAUSE OF ACTION**

**(Wrongful Death Due to Medical Negligence)**

1. This action arises under the Federal Tort Claims Act of 1948, 62 Stat. 982, 28 U.S.C. §§ 1346(b) & 2671 et seq.

2. Pursuant to 28 U.S.C. 1391(a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, Plaintiff JERI FORT is bringing this suit based upon improper medical services her husband, Decedent Joshua Fort, underwent at the Veterans Administration Hospital in Long Beach, California. Therefore, venue is proper in the Central District of California.

3. A tort claim for wrongful death was submitted on behalf of Plaintiff JERI FORT, pursuant to 28 United States Code Section 2401 and 28 United States Code Section 2671 through 2680, on February 9, 2021. Said Tort Claim arose from acts or omissions which occurred at the Veterans Affairs Medical Center, Long Beach, California, on or about September 4 and 5, 2019.

4. The Department of Veterans Affairs denied Plaintiff JERI FORT's claim via a letter dated August 13, 2021.

5. Plaintiff JERI FORT is the sole surviving heir of the Decedent, Joshua Fort, and does hereby bring any and all wrongful death causes of action pursuant to California Code of Civil Procedure section 377.60, fulfilling 28 C.F.R. § 14.3(c).

6. That at all times herein mentioned, Decedent Joshua Fort was a resident of the County of Orange, State of California.

7. That at all times herein mentioned, Defendants, and each of them, were the agents, joint venturers, servants, employees, assistants, consultants and the like of their co-defendants, and were, as such, acting within the course and scope of such agency; that each and every Defendant was negligent in the selection, hiring, monitoring, and continued employment of each and every other Defendant as an agent, servant, employee, assistant, and consultant.

8. That on or about September 4 and 5, 2019, and prior thereto, and thereafter, Decedent Joshua Fort consulted and engaged for compensation the services of Defendants, and each of them; at or about said time, Defendants, and each of them, undertook to examine, diagnose, prescribe medicine and drugs, and handle and control the care and treatment of Decedent Joshua Fort's well-being and perform the necessary tests, therapy and surgery for the treatment of said problem, if same were required.

9. That in the aforesaid handling and control of the care and treatment of Decedent Joshua Fort, Defendants, and each of them, negligently and tortiously failed to possess and/or exercise that degree of knowledge or skill that would ordinarily be possessed and exercised by physicians and surgeons, hospitals, nurses, surgical

technicians, attendants, medical clinics, physical therapists and the like, engaged in said professions in the same or similar locality as Defendants, and each of them, in that said Defendants, and each of them, negligently and unlawfully failed to properly and correctly diagnose, render care and treatment, perform proper surgery on, and/or prescribe and administer medicine and drugs for the condition of Decedent Joshua Fort.

10. That with respect to the duties, responsibilities and liabilities of the Defendant, UNITED STATES OF AMERICA, the Defendant negligently, or in some other actionable manner referred to herein, failed to comply with the applicable legal standard.

11. Specifically, on or about September 5, 2019, Defendants administered antibiotics (Ceftriaxone) to Decedent Joshua Fort intravenously. This caused the Decedent to suffer an anaphylactic reaction that ultimately led to his death. Plaintiff contends that the Defendants were negligent in administering said antibiotics to the Decedent, as the Defendants knew or should have known that the Decedent was allergic to said antibiotics.

12. That as a direct and proximate result of the aforesaid acts or omissions of Defendants, and each of them, Decedent Joshua Fort sustained serious and severe personal injuries that led to his death.

13. As a further, direct, and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff JERI FORT has been damaged in that she has been deprived of the love, companionship, comfort, care, assistance, protection, affection, society, and moral support of the Decedent, all to her damage in a sum to be ascertained according to proof at the time of trial.

14. As a further, direct, and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff JERI FORT has been damaged in that she has been deprived of the enjoyment of sexual relations with the Decedent, all to her damage in a sum to be ascertained according to proof at the time of trial.

15. As a further, direct, and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff JERI FORT has lost the financial support that the Decedent would have contributed to her, all to her damage in a sum to be ascertained

according to proof at the time of trial.

16. As a further, direct, and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff JERI FORT has lost gifts and/or benefits that she would have expected to receive from the Decedent, all to her damage in a sum to be ascertained according to proof at the time of trial.

17. As a further, direct, and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff JERI FORT has incurred expenses for funeral and burial of the Decedent, all to her damage in a sum to be ascertained according to proof at the time of trial.

18. As a further, direct, and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff JERI FORT has lost the household services that the Decedent would have provided to her, all to her damage in a sum to be ascertained according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JERI FORT prays for judgment against Defendant, UNITED STATES OF AMERICA, as follows:

1. General damages according to proof at the time of trial;
2. Medical and other special damages, past, present and future, according to proof at the time of trial;
3. The value of financial support the Decedent would have contributed to Plaintiff, according to proof at the time of trial;
4. The value of gifts or benefits that Plaintiff would have expected to receive from the Decedent, according to proof at the time of trial;
5. Funeral and burial expenses, according to proof at the time of trial;
6. The value of household services that the Decedent would have provided to Plaintiff, according to proof at the time of trial;

7. Costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

Dated: August 31, 2021

HODES MILMAN IKUTA, LLP

By: ______________________

JEFFREY A. MILMAN
Attorneys for Plaintiff, JERI FORT